UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

Antonio Vallin Bridges,

                Petitioner,

v.

Randee Rewerts,

                Respondent.

_____/

Case No. 1:21-cv-558

Honorable Sally J. Berens

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner has consented to the undersigned's conduct of all proceedings in this case, including entry of a final judgment and all post-judgment matters. (ECF No. 5.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

Having undertaken the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies. For the same reasons the

Court will dismiss the petition, it also will deny Petitioner's motion to proceed without exhaustion of state court remedies.  (ECF No. 6.)

**Discussion**

**I.      Factual allegations**

Petitioner Antonio Vallin Bridges is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.  On December 1, 2015, in the Ingham County Circuit Court, Petitioner pleaded guilty to three counts of false pretenses – $1,000.00 or more but less than $20,000, in violation of Mich. Comp. Laws § 750.218(4)(a), and admitted to being a habitual offender - third offense, Mich. Comp. Laws § 769.11.  *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.), (Plea Tr., ECF No. 21-2, PageID.123–128).[1]  At the sentencing hearing held on December 16, 2015, the trial court sentenced Petitioner to concurrent sentences of 2 ½ to 10 years with 138 days of credit.  *Bridges I* (Sentencing Tr., ECF No. 21-3, PageID.150–151.)

---

[1] The present petition is Petitioner's sixth petition challenging the fact or duration of the sentences imposed for the false-pretenses charges.  Petitioner is not particularly forthcoming in his submissions in any single case; however, upon reading Petitioner's filings in all of the cases, one can put together a fairly complete chronology of the events that prompted each of Petitioner's petitions.  The cases will be referenced herein as follows:

1.  *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.) will be referenced as *Bridges I*;

2.  *Bridges v. Harry*, No. 1:17-cv-287 (W.D. Mich.) will be referenced as *Bridges II*;

3.  *Bridges v. Harry*, No. 1:17-cv-612 (W.D. Mich.) will be referenced as *Bridges III*;

4.  *Bridges v. Michigan Parole Board*, No. 1:20-cv-612 (W.D. Mich.) will be referenced as *Bridges IV*;

5.  *Bridges v. Rewerts*, No. 1:20-cv-1130 (W.D. Mich.) will be referenced as *Bridges V*.

Petitioner also filed a civil rights complaint relating to alleged constitutional violations in connection with the denial of parole, *Bridges v. Michigan Parole Board Members*, No. 1:20-cv-1138 (W.D. Mich.), which shall be referenced herein as *Bridges VI*.

*Bridges, I*, *Bridges II*, and *Bridges III* each attacked the original convictions and sentences. All three petitions were dismissed without prejudice because Petitioner failed to exhaust his state court remedies.  Petitioner was paroled on January 30, 2018.  *Bridges VI*, (Compl., ECF No. 1, PageID.2.)

Petitioner lasted less than a year on parole. During November of 2018, Petitioner was bound over to the Ingham County Circuit Court on charges of resisting and obstructing a police officer and fourth-degree criminal sexual conduct.[2]   On June 6, 2019, those charges were dismissed, and Petitioner pleaded guilty to attempted resisting and obstructing a police officer.  *Id*. The court sentenced Petitioner to one day in the Ingham County Jail; but, based on that plea, on June 26, 2019, Petitioner's parole was revoked.  *Bridges VI*, (Pet'r's Mem., ECF No. 12, PageID.68.)  Since that time, Petitioner has been denied parole several times.  Those denials form the basis for Petitioner's constitutional challenges in *Bridges IV*, *Bridges V*, and *Bridges VI*.  Each case has been dismissed.

On June 28, 2021, Petitioner filed this habeas corpus petition raising one ground for relief, paraphrased as follows:

> The parole board violated Petitioner's due process rights by revoking parole based on parole violation charges that were dismissed.  The parole board deprived Petitioner of his protected liberty interest to remain on parole without due process by denying him the opportunity to prove that he did not commit the dismissed violations.

(Pet., ECF No.1, PageID.3.)  Although Petitioner has attacked his convictions by way of habeas petitions and multiple denials of parole, this appears to be the first time he has attacked the

---

[2] *See* https://courts.ingham.org/CourtRecordSearch/search.do?court=Circuit&businessName=&lastName=Bridges&
firstName=antonio&birthMonth=03&birthDay=30&birthYear=1973&plaintiff=Y&defendant=Y
&civil=Y&traffic=Y (select and view Case Number 18-001000-FH, visited July 15, 2021).

constitutionality of the parole revocation proceedings.   Thus, his petition is not second or successive petition.

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

The exhaustion requirement applies to claims challenging the revocation of parole.  *See Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner had exhausted all state remedies before bringing habeas action challenging the revocation of his parole); *Brewer v. Dahlberg*, 942 F.2d 328, 337 (6th Cir. 1991) (dismissing challenge to state parole revocation because state remedies were arguably available).   Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Moreover, when it is uncertain whether the Michigan courts will consider the petitioner's habeas claims on the merits, this Court will presume that such state relief is available to the petitioner.  *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995); *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir. 1991).  The state courts

4

should have a full and fair opportunity to cure any constitutional infirmities in petitioner's conviction. *See Brewer*, 942 F.2d at 340.  "[A] state will no longer be found to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423–24 (6th Cir. 2000).

Parole revocations are subject to direct review under Michigan's Administrative Procedures Act, Mich. Comp. Laws § 24.304(1). *See Penn v. Dep't of Corr.*, 100 Mich. App. 532, 298 N.W.2d 756, 757-58 (Mich. Ct. App. 1980) (noting that the MDOC is an agency for purposes of the Administrative Procedures Act and that a parole revocation proceeding is a contested case that triggers application of the Administrative Procedures Act); *Witzke v. Withrow*, 702 F. Supp. 1338, 1348-49 (W.D. Mich. 1988).  Under the Administrative Procedures Act, a prisoner may file a petition in circuit court to appeal a final decision of the parole board within sixty days after the date of mailing notice of the agency's final decision.  *See* Mich. Comp. Laws § 24.304(1). Petitioner acknowledges that he did not seek review under the APA within 60 days of the parole board's decision.  He eschewed the opportunity to appeal "because the most serious felony charges and parole violations were dismissed by the parole board officer."  (Pet., ECF No. 1, PageID.4.) Because time for seeking review has now expired, the APA no longer is available to Petitioner.

A prisoner also may attack the decision to revoke his parole by filing a state petition for habeas corpus relief.  *See Morales v. Mich. Parole Bd.*, 676 N.W.2d 221, 230 (Mich. Ct. App. 2003); *Hinton v. Mich. Parole Bd.*, 383 N.W.2d 626, 629–30 (Mich. Ct. App. 1986); *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus remedy to challenge the revocation of his parole).  A prisoner may, at any time, file a state writ of habeas corpus to challenge the

revocation of his parole as long as the prisoner will be in custody at the time the judgment becomes effective.  *See Triplett*, 371 N.W.2d at 865.

Petitioner reports that he has moved in the Ionia County Circuit Court for a writ of habeas corpus and a writ of mandamus seeking relief, presumably for the constitutional violations he alleges in this case.  Petitioner does not state when he first sought that relief in the state courts.  He simply claims that the state courts have failed to act on his requests.  Based on that failure, Petitioner invites the Court to conclude that exhaustion of state court remedies would be futile.  Specifically, Petitioner argues that because it might take the state court "at least a year or more" to resolve his requests, and because Petitioner might be otherwise paroled before resolution, this Court must act now.  (Pet'r's Mot., ECF No. 6, PageID.14.)

The requirement to exhaust is not absolute.  A court may grant habeas relief despite lack of exhaustion where: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  Petitioner's suggestions that the prospect of imminent release renders the state process futile or ineffective is not well-taken.  First, Petitioner has delayed two years after the purported constitutional violation—choosing to permit the violation to stand rather than pursue an appeal.  Second, some delay is inherent in permitting state courts the first opportunity to address and resolve claims of constitutional infirmity.  The Sixth Circuit has noted that "*[i]nordinate* delay in adjudicating state court claims" might warrant forgiving a failure to exhaust state court remedies.  *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (emphasis added).[3]  Ordinary

---

[3] *See also Kyte v. Warden, Hamilton Cnty. Justice Center*, No. 1:19-cv-809, 2020 WL 3960467, at *1 n.2 (S.D. Ohio, July 13, 2020) ("This Court has rejected the proposition that ordinary delay in reaching cases for decision on direct appeal renders the direct appeal remedy futile, finding [t]he logical result of such a proposal would be to render the exhaustion rule meaningless, at least in cases with relatively short sentences.") (internal quotes omitted); *Gonzalez-Aguilera v. Franke*,

delay does not warrant relief.  Petitioner does not provide any facts that would permit the inference that the delay he faces is "inordinate."  Therefore, he must satisfy the exhaustion requirement, and he has not.

Because Petitioner has failed to exhaust his claims, his petition is properly dismissed without prejudice.  But if dismissal might jeopardize the timeliness of any subsequent habeas petition, further relief may be appropriate.[4]  Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under Section 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to Section 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking*

---

No. 2:12-cv-01438-BR, 2013 WL 2149620, at *3 (D. Or. May 14, 2013) ("[A]s this Court has repeatedly held, the fact that a petitioner may be serving a relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention. . . . To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion.") (internal quotes and citations omitted).

[4] In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what action the court should take if the dismissal of a petition for failure to exhaust could jeopardize the timeliness of a subsequent petition.  The *Palmer* court concluded that if the petitioner had more than 60 days remaining in the period of limitation—30 days to raise his unexhausted claims and 30 days after exhaustion to return to the court—no additional protection, such as a stay, was warranted. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).  The *Palmer* court considered the issue in the context of a "mixed" petition including exhausted and unexhausted claims.  The *Palmer* court's explanation of when dismissal of a petition does not jeopardize the timeliness of a subsequent petition, however, is persuasive even where the petition includes only unexhausted claims.

*such review*") (emphasis added).  However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court.  *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).  Petitioner notes that he had 60 days to appeal the parole revocation decision. Accordingly, Petitioner's conviction became final on August 25, 2019, 60 days after his parole was revoked.  Petitioner had one year from that date, or until August 25, 2020, in which to file his habeas application.  Petitioner's present application, therefore, appears to be untimely.

But the period of limitation is tolled while an application for state post-conviction or collateral review of a claim is pending. 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court.  *Lawrence v. Florida*, 549 U.S. 327 (2007).

If Petitioner filed his state application for habeas corpus on or before August 25, 2020, the statute of limitations was tolled and, according to Petitioner, remains tolled.  If he did not, the petition is untimely, and the subsequent filing of a state collateral review petition would be immaterial to the timeliness of the petition.  The tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  In any event, the timeliness of any subsequent petition will not be impacted by the Court's dismissal of this petition as unexhausted.  Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies.

### III.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether to grant a certificate of appealability.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion.  Therefore, a certificate of appealability will be denied. However, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies, denying a certificate of appealability, and denying Petitioner's motion to proceed without exhausting his state court remedies.

Dated: July 21, 2021                              /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             U.S. Magistrate Judge

10